Our final case this morning is called 208-105 Our Savior Evangelical Lutheran Church v. City of Aurora at Fall On behalf of the Appalachians, Mr. Terry A. Fox On behalf of the Appalachians, Mr. Patrick Canova Morning President Morning Mr. Fox, you may proceed May it please the Court Counsel My name is Terry Fox. I represent Our Savior Evangelical Lutheran Church This started out as a simple administrative review case This case adds new meaning and clarifies, certainly, the phrase, caught in the switches The chronology of this case is as follows As illustrated with the overlay of what's happened legally since the time that the action was started Sometime in 2004, Our Savior brought a petition for special use before the City of Aurora It was premised in part upon an open drainage pond and other matters that aren't relevant here The church withdrew the petition and redrafted the application so that it could have porous pavers and do away with the retainage pond, etc. and make the plan otherwise more attractive and more feasible It filed two applications in August of 2005 There was an application for special use and there was an application for site plan review The Planning Commission heard argument on the petition for special use on November 16th of 2005 On January 24th of 2006, the City Council of the City of Aurora reviewed the application and voted to a 6-6 tie on Our Savior's petition for special use There was arguably a supermajority requirement for the vote because of neighboring landowners' petitions Is the only issue before us the special use? It is not, Your Honor. It's also the site plan review On February 22nd of 2006, Our Savior filed a complaint in the Circuit Court of Kane County for administrative review and the alternative for Camelot Sertiorari with respect to the denial of the site of the special use It also filed a count for administrative review of the denial of site plan review The third count of the complaint was for attorneys' fees in the declaration that violated the Church's rights under the Illinois Religious Freedom Restoration Act What also was happening in the same time period is In 2003, the Illinois Supreme Court came down with the decision of Inouye-Claren v. Village of Watt a file which this Court is intimately familiar with since it arose out of this district In that particular case, the Supreme Court made clear that the approval or denial of a special use permit was an administrative agency action quasi-judicial action within a municipality In approximately 2006, I believe, the Illinois State Legislature amended the Municipal Code to provide at 65 ILS 5-11-13-25 for a particular review of land use applications arising out of municipalities The first time out or the first version of the statute provided that judicial review of the approval of the land use application was to be, I believe, by de novo as a legislative act This case proceeded in front of judicial What statute applies to our review at this time? I don't believe that 65 ILS 5-11-13-25 applies at all And here's why, Your Honor In the brief, it was addressed in supplemental briefing before this Court Normally, a procedural statute, which I think this is and has been described as such by Millennium Maintenance Service a 2008 decision out of this particular Court If it is procedural, it normally has retroactive application regardless of whether this legislature speaks on prospective or retroactive application In this particular instance, however, when the statute was amended to arguably control this particular case All the briefs have been filed in this case The amendment was effected by January 1st of 2009 that removed the term approval to decisions The removal of the term and the application of decisions in the statute It essentially rewrote the statute to apply to our Savior It should not be retroactively applied to our Savior because sensitive rights of the parties have vested at the time that the amendment was in effect applicable Here's why Going back to the initial filing of the land use applications That procedure was conducted in such a way in recognition of Living Ward and Claren So that the case for the church going through the administrative process was handled in a particular way Whether that makes a difference or not in front of this Court is a little moment It's historical in its background But when we get to the Circuit Court of Kane County We have a complaint on file that seeks common law writ of certiorari review and or administrative review of an agency decision At the time the complaint was filed that complaint properly set forth the cause of action under Illinois law Under Illinois precedent with respect to land use and in particular special use applications We went through a series of motion for judgment on the pleadings On administrative review the Circuit Court of Cook County couldn't induce additional information Take on any evidence And so that the court was relegated to the administrative record made by the agency or the city of Illinois below Two motions for judgment on the pleadings were filed were denied And then there was an administrative trial that consisted of no calling of witnesses No disclosure of witnesses No discovery No evidence depositions No live testimony No introduction of any evidence At the end of that hearing which I believe occurred approximately in November of 2007 Judge Colwell issued a letter ruling denying our saviors Or entering judgment against our savior on the complaint And entering it in favor of the city of Aurora Affirming the action that occurred at the city of Aurora We took an appeal We filed a notice of appeal I believe in January of 2008 Excuse me February 7th of 2008 In January of 2008 I believe was the date that Ashley Liberty Bill came down From this particular court That talked about legislative actions of a municipality in light of the Illinois Supreme Court decision In Hawthorne versus I believe it was Olympia Fields In Ashley although certainly not relevant to the holding Which was simply a dismissal of a certified question from a lower trial court It is contained dicta that provides that an action for administrative review of a legislative action by a municipality is a nullity If the statute applies If Asheville and its progeny applies to this particular case It will have deprived our savior Evangelical Lutheran Church with the right to a remedy whatsoever If this court decides that the appeal consists of review of a legislative decision Under a de novo standard as a legislative decision Our savior asks that this court remand the matter back to Judge Colwell So that a full evidentiary hearing can be provided within the confines of what the statute provides Was that here? Go ahead, I'm sorry Where would that occur? Before Judge Colwell or the city? Before Judge Colwell Okay I'm sorry Justice You can't review that here No, it would be incredibly burdensome And that is why this case really is the caught in the switch is kind of a case Because at the trial court level On a declaratory judgment action to declare a zoning ordinance unconstitutional under de novo review The trial court is stuck with, if you will, the agency's evidentiary record But it can be supplemented with respect to particular issues involved in the administrative action That means the experts come in That means we rehash some of the issues Not some of, all of the issues involved in LaSalle National Bank v. County of Cook, 1957, Illinois Supreme Court When we review the zoning, don't we look at it to see whether or not it complies with substantive due process? Isn't that what we're looking at on a de novo review? Your Honor, there's two kinds of de novo review As this Court is well aware, there's a facial challenge to the ordinance And there's also an applied challenge to the ordinance With respect to the petition for special use And the appeal involved in front of you today That is an applied challenge And as an applied challenge, I would argue that it would be procedurally more proper To have evidence adduced in front of the circuit court of King County However, in my argument today, I will argue for the application of the LaSalle factors On the evidentiary record that we have from the administrative agency Before I get to that, I want to address what this Court has laid out in terms of issues of interest And that is particularly, what does de novo review mean With respect to the amended municipal code provision that I cited to you earlier De novo does not mean that the trial court or this Court takes on new evidence What de novo, I purport, or I suggest to you, means is that it's a fresh look This Court, the trial court, is not bound by the conclusions drawn from the facts  So are you submitting that de novo review says that you can consider Something that was heard outside of the administrative review hearing? Under de novo review, I believe that is proper I believe that is the case With respect to what de novo review means, I would draw your attention to And this is not cited in any of the briefs So that, because of the posture in which this matter arose In Cook County Board of Review versus the Property Tax Appeal Board 1st District, 339-013-529 That issue was the state statute creating this body for tax assessment review It provided an enabling statute for de novo review of what had happened below And the 1st District, in that particular case, stated that de novo means The reviewing body may not defer to the rulings of the local board That traditionally would be reviewed under an abusive discretion standard But the board remains bound as we, by the record presented to it The court can look at the evidence clearly within the evidentiary hearing That was held in front of the Aurora Plain Commission on November 16th of 2005 Let me take a step to the side And put on the administrative review hat, which I believe is applicable here Under that framework, if you will, of analysis The standard of review in front of this court would be whether or not The conclusion of the Plain Commission And the application of the findings of the Plain Commission by the City Council Were against the manifesto of the evidence And whether the application of the law of the facts is clearly erroneous Under that standard of review I put to this court The decision of the trial court and the decision of the City Council of Aurora Should be reversed, and here's why Well, before you get there, here's why You're telling us under the manifesto standard we would do that? Yes All right I thought we'd just, well, one viewer, and I'm sure you were polarized Who was going to get up and say We look at this thing and say if there's any rational basis It's a rational basis The only thing I remember from law school is it's like almost impossible to beat it So you're going to probably go, here's why We're going to start weighing things, like weighing whether or not This was better for the thing And we sit there with the same level of discretion that the Whatever it was, the City Council or something had in weighing these factors Justice O'Malley, I'm glad you pointed that out Let me step back over here onto the de novo review side On the de novo review side This court would also traditionally Do a manifest way to the evidence review of what the trial court found But you're talking about, you pointed out earlier There's two different meanings to de novo review The de novo review, one way of looking at it is De novo review is just to see if it's rational Not a de novo review that we are deferential or not deferential to factual matters We just have to look to see if there's any conceivable rational basis And that suggests to me we don't do any weighing We don't sit here and say, look, I'm looking at the evidence since 1910 1910, you lose, even though you're on the 90 side As I understand, de novo review on the question of De novo review is confined to whether it's rational So tell me, you want to go someplace else Obviously, because I think you lose that Your Honor, let me address your question One of the issues with de novo review is what's the standard that's applicable to this particular fact pattern And it was one of the issues that was pointed out in the order that was issued to the litigants in this particular case If de novo review applies under the statute as amended What kind of de novo review are we talking about? I mean, I understand real simple the de novo review We review de novo review, some matter, you know But if there's factual matters behind that, we defer to the trial court Is that what we're talking about here? The concept of de novo review in the statute is tied to legislative action And that flips us into the construct of substantive due process And whether or not the decision made by the municipal decision maker, if you will Is arbitrary, capricious, unreasonable Does not reasonably relate to the health, safety, welfare of the general public That is what we're talking about absolutely with respect to if this statute applies If we could resolve this issue on a non-constitutional basis Do you believe that that's our duty to do? In other words, review it under City of Belvedere as an administrative ruling Based on the November 1605 hearing If the statute that we're talking about, the municipal amendment Municipal code amendment does not apply I believe it is proper for this court to decide it under administrative review construct And then why would it have to be sent back? Because we have a full hearing based on the 11-1605 procedure Justice Bowman, if this is administrative review This body reviews not what Judge Colwell did But what the city council and the plan commission did And it stops right here, there's no remand for anything additional from the trial court And that is your primary argument to us, is that the statute does not apply Virtually Yes And we would go in the way you just described, which I do understand clearly That we review the administrative decision, not just the amendment Mary, do you want to come through? Morning, my name is Pat Connelly and I'm from Aurora And I represent the city of Aurora in this case Kate McCracken represents the adjacent landowner But she will not argue this morning with the court's permission First thing I want to say to all of you is thank you for letting me come here and give an oral argument It's been a long time, I used to be an appellate law clerk And I hope I can do a pretty good job, I haven't done it in a while So I appreciate that, I know you're all busy You were before us not all that long ago, weren't you Mr. Connelly?  You were before us not all that long ago, weren't you? No, I haven't been here in a while But I think my partner was here, Mr. Krentz, with respect to a dram shop issue There's a couple of things that I want to say first and foremost Number one, this particular matter was presented to Judge Cowell as an administrative review case Clear, no doubt about it If you look in the original brief that was filed with this court by the plaintiff, the church They conceded that the statute that you're concerned about does not apply At least the version in 2006 That is in their footnote I can give you the citation, but there's a footnote in their brief, they conceded that fact Now, the other thing that I want to make clear is that this case proceeded before Judge Cowell Based on their three count complaint They made two motions for judgment on the pleadings and then asked for a trial date On October 10th, 2007, they asked for a trial And if they're going to take the position here, that under Napleton That they are entitled to substantive due process They had the ability to bring a case before Judge Cowell at that time LaSalle v. Cook County and Villages Sinclair v. Richmond Park have been around for 40 or 50 years They never took a deposition They never did any discovery They never did anything And in fact, at one time, and this is in the record When I tried to introduce some minutes before the city council as to one of the votes, they objected And they said, you can't bring that in And Judge Cowell agreed with it So this case was submitted as an administrative review case We filed the administrative review record and we filed an answer And from that point on, it was basically a paper case Now, it seems to me, and I want to answer the questions that you folks asked my client with respect to your order on Before you go, I want to ask you, what do you submit the standard of review as? Based on the way the case was tried, I don't think the standard of review with all due respect makes any difference And here's the reason why If you go back and read Justice McMorrow's opinion, which I know you're probably more familiar with than I am She had the same issue before her that is here today And that is whether or not we're going to look at this as administrative review or legislative And in that particular case, Justice McMorrow said it didn't make any difference And I submit to you that it doesn't make any difference here also Because based on Napleton, which is after Living Word Napleton says that if you're going to do a substantive due process analysis And I believe you indicated this, Justice O'Malley, in the appellate court as well Then you have to use a rational basis test A rational basis test, according to Justice Freeman in the Napleton Supreme Court Basically said any rational basis, anything And I submit to you, Justice Shostak, that that test is a lesser test than the test that is applicable here In which this case was tried on And that's the administrative review, which you indicated before And that's manifest way to the evidence or an error of law Now they said in their complaint originally that there was an error of law And that error of law was indicated by my colleague here, Mr. Fox, was that we applied the supermajority That issue was never litigated in the trial court They said that was wrong in their pleadings And it was never litigated here Based on the manifest way to the evidence, I submit to you That there was evidence either way on this particular issue We had neighbor Shirley Flaherty testifying with respect to the preservation interests of the Copley Mansion Ed Sieben, who was the director of planning for the city of Aurora Said the Copley Mansion was the most important historical building in the city I don't know whether he's right, but that's what he testified to They brought testimony before the hearing The due process hearing there were recorded under Claren And they brought an appraiser and he disagreed with that So there was people on both sides of the equation here Maybe you would have disagreed, maybe I would have disagreed The point of the matter is the best evidence of what happened here Was the votes that were reflected by the city council and the planning and development committee If I understand you correctly, you seem to be saying, and I don't disagree with this That there was no manifest way to this case No, there was enough evidence here, Justice, to No, what I'm getting at is you're saying that there's evidence this way and there's evidence that way Neither side is the manifest way I agree And the burden is on them to conclude that the evidence on your side is rebutted by the manifest way I agree with that Because I've made this point many times when people are talking I sat for a while at workers' comp and I told them, you start saying the case is close, you've lost And cases don't have to be supported by the manifest way And so I've said, my theory is that most cases, or an awful lot of them, don't have manifest way And I just want to make sure that's what you're saying I agree with that When you're saying there's evidence either way and whether who believes it Okay, I'm sorry, go ahead No But I wanted to clarify that that's what you were saying My point is that on this issue of Dano, my point is that the rational basis test under Nableton is a lesser standard than the administrative review decision So in my opinion, with respect to the way this case was tried, there's no reason to send it back They submitted it based on administrative review They could have filed a case under LaSalle if they wanted to, they chose not to That's their choice The other issue, though, that you asked me to respond to Before you get to that, let me clarify one thing You say that the Danovo would be a lesser standard Do I understand you correctly to say that even if the manifest way standard is used, you win, but you win even more easily under the Danovo Absolutely That's what you mean by a lesser standard The word lesser can be confusing In fact, Justice Freeman in Napleton indicated that it was any rational basis, not some rational basis Now let me just say this with respect to the legislature's attempt And I have the utmost respect for our legislature But when they indicated in the statute that there was Danovo review There was some legislative history, and I know we don't get to that, where they talked about mini-trials And I know Justice McMorrow indicated there is this confluence between LaSalle and administrative review Or, excuse me, substantive due process The legislature indicated that the type of Danovo review that they are looking at would encompass mini-trials A LaSalle factors case is not a mini-trial A LaSalle factors case involves, as you well know, six different inquiries, if not seven And I don't know, I can't agree with them that that is going to be a mini-trial To answer your other question Can you apply the LaSalle factors to the administrative hearing that was heard on November 6th of 05? No, not unless you file a substantive due process complaint in the trial court, which they never did And they could have, but they didn't Every one of the LaSalle cases comes up on a basically legislative classification And you are basically saying, as applied to that particular piece of property, Justice Bowman As applied, that particular classification has no rational basis and is arbitrary and capricious They didn't do that. They could have done it, but they didn't And I don't think you can do it on administrative review, which is apparently what they want to do now Why do you have that opinion? Pardon me? Why do you have that opinion that you cannot do it on administrative review? Well, because the case law tells us, Justice Shostak, that it's never been done that way And the reason is, because number one, it's a case law Number two, I've tried six LaSalle factors cases in my life Not one of them has been less than a week You have more controlled, independent, or retained experts in a case than you ever have We see these in quarry cases all the time We see these in landfill sightings sometimes So there are cases that are very fact-intensive And I suppose maybe you could do it But I don't think our administrative agencies, like a city, are equipped to do that on administrative review I think the standards are different as well, with respect to what's at issue in terms of LaSalle factors The LaSalle factors case Counsel, I want to clarify a couple of things When it got to Judge Colwell, he looked at the determination of the... It's the city council that made this, right? That's correct He looked at the determination of the city council And the way it was presented to him was, is this contrary to the manifest way? Absolutely And as you pointed out, which I'm sure you're responding to There was evidence both ways And he reviewed the decision of the city council And then our job would be to go back and do the same thing Review the decision of the city council And the same way to see if it was contrary to the manifest way We skip over Judge Colwell's decision? No, I don't think that's what your job is here Isn't that typically what we do in administrative review, though? You can look at the decision, but I don't think it's de novo review No, I wasn't saying de novo review I said we do the same thing Colwell does We do the same thing that Judge Colwell did We look at the decision of the city council But I mean, your argument is we don't look at it de novo We look at it the same way Judge Colwell did I agree with that Was it contrary to the manifest way? I agree with that Now, I think the other way, maybe the confusing way Is do we look at this decision of the city council With this evidence, some evidence here This guy says this mentions a world-class thing we've got to keep This guy says it doesn't matter This guy says it Do we look at that evidence de novo? That's the other question Instead of looking at it, was it contrary to the manifest way Would we look at that evidence de novo and thus... Well, I do not agree with that Based on the record that we have before us today Which is an administrative review issue Now, if apparently the plaintiff has conceded The statute doesn't apply So if that concession has been made Then I don't think you get to the statute with respect to de novo At this particular time, I think you take a look at the evidence And you make a decision concerning that Just like you said before, I agree with that But, given that, I want to make clear That there was evidence on both sides of the equation here And reasonable people could differ with respect to What the correct decision was going to be Let me just say a couple things in the end here Number one, Justice Freeman in the Napleton decision Which I know was before this court Said this That's what he said If it is fairly debatable He also said three other things which I think are important Number one, the ordinance is presumed constitutional If they want to make this case with respect to substantive due process Two, if there is a violation It must be shown by clear evidence Three, does the statute, under scrutiny by the court Bear a rational relationship to the legislative purpose? I submit to you that every municipality Has the right to regulate land uses under their police powers There is no doubt about that There is no fundamental interest that is implicated here Now they claim, and we take this seriously Anytime somebody comes to a government And says basically you discriminated against us Based on our religion My client takes that pretty seriously That's a serious charge In this particular case There is no evidence that that occurred There is no evidence that we imposed a penalty Or made a forfeiture with respect to any religious practice That our savior wanted to conduct Did they not get as big a church as they wanted to? Or could they make these improvements? Apparently they couldn't under this decision But as I indicated in my brief There's a case pretty much all fours with respect to this And it's called Vision Church vs. Village of Long Grove It's a federal case And I put a copy in the appendix of the brief Which basically says Municipalities have the right To use special use as a neutral It is a neutral thing That is a legitimate concern for land planning And they haven't indicated In this particular case Before Judge Cowbell at any time That we discriminated against our savior Lutheran Church But didn't they bring up the fact that they weren't allowed To use the site plan review process And that that was an error? They did use the site plan review process If you look at it The site plan review process Was a position where the zoning administrator Made a decision with respect to the fact That they had to get a special use That went to the Zoning Board of Appeals And the Zoning Board of Appeals That agreed with Mr. Seaman And then the matter was considered And told by the City Council The site plan review was decided primarily On the fact that there were The church that wasn't on Main Street Arterial Collector Street, that's correct And that fact flipped it over to The Special Use Committee I just want to say one thing in passing In closing, and I know my time is up This case was tried before Judge Cowbell On a theory that they presented They chose to present With respect to their rights To review the decision of the City Council They could have brought up a sale factors case If they wanted to That was out there, it's been out there forever They didn't do it Judge Cowbell made the decision And the decision he made was correct Because there was evidence on both sides Of the equation as to what The decision should be Judge Cowbell is not a zoning official He's not a super zoning official That's not his job And I don't think that's what this court's job is either I don't think that's what you're in the business for And in this particular case The manifest weight of the evidence They never were able to show That the decision of the Administrative agency was incorrect Judge Cowbell affirmed that And we ask you to do the same Thanks very much, nice to see you Thank you I'd like to address One issue raised by my opponent And that is the issue of the supermajority vote It was a 6-6 tie, it wouldn't have made a difference Whether the statute allowed a supermajority vote or not So we did drop that, that's correct I'm sorry, you did what? We did drop that argument That was in the complaint We didn't try it in front of Judge Cowbell I don't think that N. Ray Claren would have allowed The church to bring a sale factors Decoratory judgment I think it was clear at the time that we brought it That that was prohibited Had we done that We would have been met 35 days or 90 days later With a motion to dismiss Because we blew the time for Filing an administrative review complaint With respect to the manifest way of the evidence I want to make this clear And focus your attention to The Planning Commission November 16th of 2005 Sworn testimony was taken Evidence was adduced The Planning Commissioner The Planning Administrator was cross-examined Out of the Planning Commissioner's mouth Comes the concessions That this particular petition for special use Was not only appropriate But it was entirely proper Mr. Steven is a qualified land use planner I cross-examined him with respect to noise With respect to traffic With respect to whether or not this proposed use Conforms with the comprehensive land use scheme Of the City of Aurora He said yes It's all in the testimony The factors for special use petition For a church in Aurora Detraction from surrounding properties Increase in noise Increase in traffic And conformity with the land use plan of the city I got three out of the four of those From Mr. Steven Who's qualified and competent The fourth factor was Diminution in surrounding value We had an appraiser Hope Deliverance Clearly combines it Once you get expert testimony on the issue Land testimony is not relevant When we have neighbors stepping forward And saying, well, you know I think this is a bad thing I think someone could drive out the driveway And drive into my living room I think you should reconstruct The Copley Estate Well, what the opposition was talking about Was, number one, opinions But number two Was essentially regulating By doing nothing To reestablish the Copley Estate They were advocating Essentially a taking To do nothing I'll tell you about the discrimination That our savior Before you get there I want to get back to You just described On a point If we review this The way Judge Colwell did Is the decision contrary to manifest weight And your opponent got up there And he said evidence on both sides And I want to clarify what that meant And my point to him was That I think in a lot of cases There is no manifest weight In which case we don't reverse You know Now you're saying You're describing evidence Saying, well, there was evidence on both sides But, for example One image you gave us That there was an expert So we don't listen to the non-expert But you are telling us that That you're saying now That this decision was contrary If we apply the manifest weight standard Which is the question we have to decide You're saying contrary to your opponent Your opponent didn't get up there And tell us it was 90-10 in his favor You're telling us It's 90-10 or 90-91 in your favor And that's what you have to establish To win on that basis Am I correct? Yes, you are correct And I would assert to this court That the competent evidence Adduced at that hearing Competent evidence Adduced at the hearing Overwhelmingly favored our savior I also draw your attention to The findings of fact that were made By the plan commissioners themselves They clearly found And made the decision Weighing credibility Making credibility determination So even if If there was a Colorable argument Of the city that there was evidence Other than their speculation and fears Which the Jurisprudence in Illinois tells us Is not to be considered Particularly with respect to a church Family Christian versus Rockford Or Winnebago County Hope Deliverance There are a number Dugan versus County of Cook 1988 This is a planning commission That's making these findings Yes But planning commission The city council Doesn't have to follow their rules They're not the recommendations The city council makes the decisions They shall act on the planning commission's They shall act on the planning commission's Recommendations, correct Well, okay, but I mean They don't have to They follow They make a recommendation To the city council And the city council Has got the authority to Decide whether they're going to follow it or not And it's not the city council It's Rockford who made these Factual things you're talking about This is the evidence That was before the city council That's correct I just want to highlight Just in Before I run out of time here That this case is about The city deciding to Essentially make the church Take a variance The city has no beef with our Our savior with respect to the proposed addition The expansion of the church What the city has the beef with Is the parking lot and driveway When they approve themselves An extensive 18 townhome development Not 10 years before the initial Application was on file All right, thank you Thank you, Your Honor The case is taken under Advisement The court stands adjourned